Turley, J.
delivered the opinion of the court.
The defendant pleads in abatement, that the plaintiff is a feme covert, upon which plea there is issue. The proof shows, that the plaintiff, Margaret Morgan and one Gideon Morgan were married in the Cherokee Nation of Indians according to the forms and ceremonies of the tribe sometime in the year 1813; that Margaret was a Cherokee .woman residing in the Nation; that she and Morgan lived together many years as man and wife, and had a large family of children; that they are now living apart, and that he is alive. Upon this proof the jury found that the plaintiff was a feme covert.
We think the testimony supports the verdict. Our courts of justice recognize as valid all marriages of a foreign country if made in pursuance of the forms and usages of that country; and there is no reason why a marriage made and consummated in an Indian Nation should be subject to a different rule of action. The fact, that a portion of the lands inhabited by the Cherokee Indians was within the limits of the State of Tennessee, and that the marriage took place within that portion, cannot effect the question. The Nation of Cherokees was at the time independent of the State of Tennessee; her laws and. usages had not been extended over it, and were not obligatory or binding upon it.
To hold this marriage to be void would be. to vitiate all the marriages made in the Nation, and might be productive of much mischief.
.Note — As to what constitutes a valid marriage by the laws of Tennessee. See Bashaw vs. State, 1 Yerg. 177: Grisham fy Ligan vs. State, 2 Yerg. 589. Sellars vs , Davis, 4 Yerg. 503.
As to foreign marriages the general principle is, that the lex loci is the governing rule in deciding upon their validity or invalidity, as in all other personal contracts. The lex loci is to be considered in expounding or enforcing a contract, not from a blind deference or comity towards a foreign law, but because it is presumed that the parties had in view the laws of the country in which the contract was entered into, and that they meant to be governed by it. It is of the essence of the subject matter to ascertain the meaning of the parties. Therefore, the courts of the country where the question arises resort to the law of the country where the contract was made, not ex comitate but ex debito justitice. A marriage good by uthe laws of the country where consummated, is held good in all others where the question of its validity may arise. Shel-ford on Marriage and Divorce,.114: Warrenderv s. Warrender. 2 Clark & F.: 9 Bligh. 110: Story on Confl. L. 36: 2 Kent, 457: 2 East,- 453: 1 Bland. 485. A marriage celebrated abroad, and being void where celebrated, is invalid in England. Shelf. 123: 2 Hagg. 419.
The contract of marriage is a stable and sacred contract of natural as well as municipal law. 4 John. Ch. 501, 503.
The Circuit Judge committed no error in refusing a new trial. J udgment affirmed.